Courtney Cannon,  :
                          Petitioner  :
                                      :
             v.                       :
                                      :
Workers' Compensation Appeal          :
Board (General Motors),               :   No. 1168 C.D. 2017
                     Respondent       :   Submitted: February 2, 2018


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: July 17, 2018


Courtney Cannon (Claimant) petitions this Court for review of the portion of the Workers' Compensation (WC) Appeal Board's (Board) July 26, 2017 order reversing Workers' Compensation Judge Joseph McManus' (WCJ McManus) decision granting Claimant's Petition to Reinstate Compensation Benefits (Reinstatement Petition). The sole issue before this Court is whether the Board erred by reversing WCJ McManus' decision granting Claimant's Reinstatement Petition by applying the wrong burden of proof and disregarding WCJ McManus' credibility determinations. After review, we affirm.

On February 21, 2014, Claimant filed a claim petition (Claim Petition), and a penalty petition for General Motors' (Employer) failure to issue a Notice of Compensation Denial, a Notice of Temporary Compensation Payable or a Notice of Compensation Payable (NCP) within 21 days of her May 17, 2013 work injury (Penalty Petition). On March 21, 2014, Employer issued a medical-only NCP accepting Claimant's May 17, 2013 work injuries described as a right thigh

contusion, a left elbow contusion/abrasion, and cervical, lumbar and left shoulder strain/sprain. On May 4, 2015, WCJ Bonnie Callahan (WCJ Callahan) granted the Penalty Petition and granted the Claim Petition in part, finding that Claimant sustained injuries on May 17, 2013 in the nature of a right thigh contusion, a left elbow abrasion, left shoulder, cervical, and lumbar strain and sprain, and a left rotator cuff tendinitis. However, WCJ Callahan determined that Claimant did not meet her burden of proving she was entitled to wage loss benefits after January 30, 2014, and suspended Claimant's benefits effective January 30, 2014. Employer appealed to the Board, which affirmed WCJ Callahan's decision on March 8, 2016.

On August 28, 2015, Employer filed a Petition to Terminate Compensation Benefits (Termination Petition) alleging that, as of August 12, 2015, Claimant completely recovered from the work-related injury and all residuals therefrom, and was not in need of any ongoing medical treatment. Claimant denied Employer's allegations. On January 7, 2016, Claimant filed the Reinstatement Petition alleging that, as of February 6, 2014,[1] her condition worsened, resulting in Claimant's decreased earning power. Employer denied Claimant's allegations. WCJ McManus held hearings on September 14, 2015, and February 28 and March 16, 2016. On September 16, 2016, WCJ McManus denied the Termination Petition and granted the Reinstatement Petition, reinstating Claimant's WC benefits as of December 10, 2015. Employer appealed to the Board. On July 26, 2017, the Board affirmed WCJ McManus' decision denying Employer's Termination Petition, but reversed WCJ McManus' decision granting Claimant's Reinstatement Petition. Claimant appealed to this Court.[2]

---

[1] At the March 16, 2016 WCJ hearing, this date was amended to December 10, 2015.

[2] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

Claimant argues that the Board erred when it applied the burden of proof for reinstatement after a *termination* of WC benefits, as opposed to the burden of proof for reinstatement after a *suspension* of WC benefits. Claimant specifically contends that her burden is to show her earning power is once again adversely affected by her disability, not to show a <u>change</u>, increase or recurrence <u>in her condition</u>.

The law is well-settled:

> **A claimant seeking reinstatement of suspended benefits must prove that his or her earning power is once again adversely affected by his or her disability, and that such disability is a continuation of that which arose from his or her original claim**. The claimant need not re-prove that the disability resulted from a work-related injury during his or her original employment. Once the claimant meets this burden, the burden then shifts to the party opposing the reinstatement petition. In order to prevail, the opposing party must show that the claimant's loss in earnings is not caused by the disability arising from the work-related injury. This burden may be met by showing that the claimant's loss of earnings is, in fact, caused by the claimant's bad faith rejection of available work within the relevant required medical restrictions or by some circumstance barring receipt of benefits that is specifically described under provisions of the [WC] Act [(Act)[3]] or in this Court's decisional law.

*Bufford v. Workers' Comp. Appeal Bd. (N. Am. Telecom)*, 2 A.3d 548, 558 (Pa. 2010) (emphasis added). The Board recognized the above-quoted law when it stated: "An employee seeking reinstatement following a suspension of benefits must prove that (1) through no fault of his or her own, the employee's disability, i.e., earning power, is again adversely affected by the work-related injury, and (2) the disability that gave rise to the original claim continues." Board Op. at 2.

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

However, in this case, Claimant alleged in her Reinstatement Petition as her "Selected Reasons [Claimant] requests the [WCJ] to order the above selected actions: Worsening of Condition [-] Injury Causing Decreased Earning Power." Original Record Item 5. In response to Claimant's assertion, the Board opined:

> It was Claimant's burden to establish (1) that disability has increased or recurred after the date of the prior award, and (2) proof that her physical condition has actually changed in some manner. *Pieper* [*v. Ametek-Thermox Instruments Div.,* 584 A.2d 301 (Pa. 1990)]. **Although Claimant asserted her symptoms had worsened and her condition had deteriorated, Claimant described no symptoms other than those she had at the time WCJ Callahan found she was not disabled from her May 17, 201[3] work injury and suspended her benefits**. As such, Claimant failed to meet her burden, therefore, [WCJ McManus] erred in granting the Reinstatement Petition and we shall reverse.

Board Op. at 8 (emphasis added). Because Claimant advanced the worsening of her condition as her reason for reinstatement of WC benefits, the Board properly considered it in making its determination. Accordingly, the Board did not err.

Claimant also asserts that the Board disregarded WCJ McManus' credibility determinations. Claimant contends the Board determined that, because WCJ Callahan found Claimant not credible with respect to certain testimony, WCJ McManus was prohibited from finding Claimant credible.

Specifically, the Board expounded:

> Based upon the testimony of Claimant and [Thomas J. Mercora, D.O. (]Dr. Mercora[)], we determine that [WCJ McManus] erred in granting Claimant's Reinstatement Petition. **We cannot determine that either described a *specific time or reason* for a change in Claimant's condition**. The symptoms she complained of as of December 8, 2014, at the final hearing before WCJ Callahan, are the exact same symptoms she is complaining of currently, and in the prior litigation, **WCJ Callahan found her not credible that she was disabled from**

4

**working**. **WCJ Callahan noted that Claimant continued to work full duty following the work injury, despite her assertions that her symptoms were 'horrific.'** Further, in the present matter, Claimant testified that all of her symptoms and injuries have been present since May 17, 2013. She also acknowledged her treatment with [Charles Avetian, D.O. (]Dr. Avetian[)] has decreased since February 2016. At the [independent medical evaluation (IME)] on August 12, 2015, Claimant did not tell [Marc Manzione, M.D.] that her condition had worsened, although she asserted her symptoms became worse in late summer of 2015. Similarly, at the time of her deposition on October 19, 2015, Claimant did not assert her condition had worsened, nor did she indicate she was dissatisfied with her treatment with Dr. Avetian and intended to seek a second opinion. To the contrary, she testified that she had looked for work, and continued to treat with Dr. Avetian, which she had done since the time she was fired from her job by [Employer]. **The WCJ erred by not addressing these major inconsistencies in finding Claimant credible.**

Board Op. at 7-8 (bold and italic emphasis added). This Court recognizes the well-established law that "[t]he WCJ is the ultimate factfinder and has exclusive province over questions of credibility and evidentiary weight." *Univ. of Pa. v. Workers' Comp. Appeal Bd. (Hicks)*, 16 A.3d 1225, 1229 n.8 (Pa. Cmwlth. 2011). "The WCJ, therefore, is free to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses." *Griffiths v. Workers' Comp. Appeal Bd. (Red Lobster)*, 760 A.2d 72, 76 (Pa. Cmwlth. 2000). Neither the Board nor the Court may reweigh the evidence or the WCJ's credibility determinations. *Sell v. Workers' Comp. Appeal Bd. (LNP Eng'g)*, 771 A.2d 1246 (Pa. 2001).

Notwithstanding, the only record evidence regarding the specific time or reason for a change in Claimant's condition included: (1) Dr. Mercora's testimony that Claimant's "condition worsened to the point she could not work anymore" as of the date of his examination, December 10, 2015, although he believed there was a point before that "where she could not have worked[,]" Reproduced Record (R.R.) at

5

127a, and (2) Claimant's testimony that she used to have good days and bad days but, starting "towards the end of the summer" of 2015, they were all "bad days." R.R. at 79a. Claimant further related that her symptoms have "gotten worse" since May 2013. R.R. at 81a. Finally, Claimant reiterated that as of the date of her testimony, March 16, 2016, she could not "return to any employment[.]" R.R. at 83a. This Court finds this testimony insufficient, in light of the record in this case, to meet Claimant's burden. Although Claimant contended that her physical condition had actually changed at some point in time since January 31, 2014, resulting in an adverse effect on her earning power, neither Claimant nor Dr. Mercora's testimony supports that assertion; thus, the Board properly reversed the WCJ's decision.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge


Judge Fizzano Cannon did not participate in the decision in this case.

6

Courtney Cannon,                          :
                          Petitioner      :
                                          :
              v.                          :
                                          :
Workers' Compensation Appeal              :
Board (General Motors),                   :    No. 1168 C.D. 2017
                          Respondent      :

## O R D E R

AND NOW, this 17th day of July, 2018, the Workers' Compensation Appeal Board's July 26, 2017 order is affirmed.

_____
ANNE E. COVEY, Judge